(No. 74-CV-84—

EDMUND SZCZESNOWSKI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1975.*

EDMUND SZCZESNOWSKI, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on June 3, 1974, at 2314 W. Charleston, Chicago, Cook County, Illinois. Edmund Szczesnowski, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, ch. 70 §71, et seq.* (hereafter referred to as "the Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Edmund Szczesnowski, age 54, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on June 3, 1974, the claimant was beaten while being robbed by his assailant.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim was hospitalized from June 3, 1974, to June 13, 1974, and received treatment for injuries sustained in the beating. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant has not been identified or apprehended. The case remains under investigation by the Chicago Police Department.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance.

8. That the claimant worked 8 days a month on one job for an average monthly income of $217.80, and worked at another job for an average monthly income of $183.85, thus making a total average monthly income of $401.65, pursuant to the following provision in Sec. 4 of the Act.

" . . . loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

That due to his injuries the claimant missed 4 days of work at his first job, thus losing $108.90 in wages. That the claimant's income losses due to 15 lost work days from the second job may be determined using the Court accepted method of calculating salary losses over a portion of a month—average monthly income ($183.85) divided by the average number of days in a month (30.4) multiplied by the number of days out of work (15). Thus the victim's wage loss from the second job totals $90.60, and the claimant's compensable losses due to lost work days from both jobs may be determined to total $199.50.

9. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

1) Hospital ............................................. $1,072,70
2) Medical ............................................. 264.80
3) Loss of Salary ..................................... 199.50

$1,537.00

10. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this Court:

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the "Workman's Compensation Act,' or from local governmental, State, or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant received benefits from Blue Shield totalling $1,122.60. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶8 and ¶9, leaves an amount of compensable loss sustained by the claimant, as $214.40.

IT IS HEREBY ORDERED that the sum of $214.14 be awarded to the claimant, Edmund Szczesnowski, as the innocent victim of a violent crime.